## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### (Charlottesville Division)

ROBERT SCHILLING,

                    Plaintiff,

v.

RICHARD "JAKE" WASHBURNE, and
LEO MALLEK, and
JOHN DOES # 1 and # 2,

                    Defendants.

**Case No.** 3:21-cv-22 _____

**COMPLAINT FOR DAMAGES AND FOR DECLARATORY AND INJUNCTIVE RELIEF**

**Serve:**

Richard "Jake" Washburne
1600 5th St
Charlottesville, VA 22902-6495

Leo Mallek
4826 Advance Mills Road
Earlysville, VA 22936

## INTRODUCTION

1.     Plaintiff Robert Schilling brings this suit against two named and two unknown elections officials in Albemarle County, Virginia. This suit arises from events that took place on the day of the Democratic Party primary election on June 8, 2021 at the Woodbrook Precinct in Albemarle County, and raises claims under 42 U.S.C. §1983 and 52 U.S.C. §10307(b),  as well as state law claims for assault, battery, and false imprisonment. This case also seeks declaratory and injunctive relief that will protect Mr. Schilling in the exercise of his rights prospectively.

1

## PARTIES

2.      Plaintiff Robert Schilling is a resident, domiciliary, and citizen of Albemarle County, the Commonwealth of Virginia, and of the United States. He is qualified to vote in Albemarle County and is a registered voter in Albemarle County. He is also a radio and internet journalist, and an activist on various issues relating to government at the state, local, and federal level. Mr. Schilling is known in the community to be affiliated with conservative causes and was previously elected as a Republican to the Charlottesville City Council. Mr. Schilling is known to be critical of the members of the Albemarle County Board of Supervisors.

3.      Richard "Jake" Washburne is the General Registrar of Voters in Albemarle County. He is responsible for the day-to-day operations of the Electoral Board in Albemarle County and is its highest-ranking full-time employee. He also supervises the work of other employees and manages the operation of polling places and precincts on election days and during early voting. He is liable for the acts of his subordinate employees and pollworkers under the doctrine of *respondeat superior*.

4.      Defendant Leo Mallek is a resident, domiciliary, and citizen of Albemarle County, of the Commonwealth of Virginia, and of the United States. On June 8, 2021, he served as the Chief Officer of Election at the Woodbrook Precinct and in that role exercised powers granted to him under color of the laws of the Commonwealth of Virginia. Upon information and belief, Defendant Mallek is the lawful spouse of an elected member of the Board of Supervisors in Albemarle County and is aware of Mr. Schilling's opposition to many of Mr. Mallek's spouse's political positions. As the Chief Officer of Election, Mr. Mallek is liable for his own acts as well as the acts of his subordinate officers of election and pollworkers under the doctrine of *respondeat superior*.

5.      Defendant John Doe #1 was a pollworker and/or assistant officer of election who worked at the Woodbrook Precinct on June 8, 2021. In that capacity, he exercised authority under color of the laws of the Commonwealth of Virginia. Plaintiff does not have information which would allow him to identify John Doe #1 by his proper and legal name at the present time, but expects to obtain such information either through civil discovery or through his own investigations and to amend this complaint to identify John Doe #1 at the earliest possible juncture. On information and belief, the two identified defendants are aware of the identity of John Doe #1.

6.      Defendant John Doe #2 was a pollworker and/or assistant officer of election who worked at the Woodbrook Precinct on June 8, 2021. In that capacity, he exercised authority under color of the laws of the Commonwealth of Virginia. Plaintiff does not have information which would allow him to identify John Doe #2 by his proper and legal name at the present time, but expects to obtain such information either through civil discovery or through his own investigations and to amend this complaint to identify John Doe #2 at the earliest possible juncture. On information and belief, the two identified defendants are aware of the identity of John Doe #2.

7.      At all times stated herein and relevant hereto, Defendants were acting under color of state law.

8.      It is alleged that Defendant Mallek, Defendant John Doe #1, and Defendant John Doe #2 are liable for the actions of one another because they acted in concert and with a common purpose at the Woodbrook Precinct to commit the underlying torts alleged herein. As such, those defendants were engaged in a civil conspiracy to commit the acts alleged herein and/or are joint tortfeasors.

## JURISDICTION AND VENUE

9.      This Court has jurisdiction over this action because it arises primarily under federal law. Plaintiff's leading claims arise under 42 U.S.C. § 1983 and 52 U.S.C. §10307(b), and the state claims at issue herein arose from the same alleged course of conduct.

10.      This Court has supplemental jurisdiction over state law claims raised herein pursuant to 28 U.S.C. § 1367.

11.      This Court has jurisdiction to grant injunctive and prospective relief pursuant to 28 U.S.C. §§ 2201 and 2202 because certain of the violations of Plaintiff's rights discussed herein are likely to be repeated absent such relief and a full declaration of the Plaintiff's rights. Plaintiff's claims for declaratory and injunctive relief are also authorized by Rules 57 and 65 of the Federal Rules of Civil Procedure, by the general legal and equitable powers of this Court, and by 28 U.S.C. § 1651.

12.      Venue is proper in this District under 28 U.S.C. § 1391(b) because Leo Mallek and Jake Washburne, at a minimum, are each residents of the Western District of Virginia. Further, on information and belief, all defendants are residents of Virginia and of the Western District Virginia. Further, all or substantially all of the acts and omissions which give rise to the claims at issue herein took place within the Western District of Virginia.

13.      Venue is proper in the Charlottesville Division pursuant to Local Civil Rule 2 (a)(3) and 2(b) because, on information and belief, Leo Mallek and Jake Washburne are both residents of a locality within the Charlottesville Division. Further, all or substantially all of the acts and omissions which are at issue in this case took place within Albemarle County.

## FACTUAL BACKGROUND

### A. The COVID-19 Pandemic

14.     COVID-19 is an infectious disease affecting the respiratory system, which was first identified in 2019, in Wuhan, China. Since then, it has spread globally and is now present in all 50 states.

15.     On or about May 29, 2020 Governor Northam first issued what was commonly termed a "Mask Mandate" in the Commonwealth of Virginia. That mandate, imposed in the Governor's Executive Order Number 63, had numerous exceptions, including exceptions for those with certain medical conditions, and was amended and reissued in substantially similar form through the remainder of 2020 and early 2021. At all times relevant hereto, Governor Northam's order prohibited any individual from being required to provide proof of a medical condition in order to demonstrate entitlement to an exemption from the requirement to wear a mask.

16.     On or about May 15, 2021, Virginia's mask mandate was substantially repealed when the Governor's orders requiring masks were amended to include language merely recommending masks in most situations. Social distancing and capacity restrictions were ended by Governor Northam on or about May 28, 2021, and Governor Northam has announced that Virginia's statewide "State of Emergency" related to the COVID-19 pandemic will expire on or about June 30, 2020.[1]

### B. U.S. Constitutional Law

17.     "Undeniably, the Constitution of the United States protects the right of all qualified citizens to vote, in state as well as in federal elections. A consistent line of cases by [the U.S.

---

[1] Upon expiration of Virginia's state of emergency, the Governor's waiver of the general statutory prohibition of mask-wearing in Virginia will likewise expire. See Va. Code 18.2-422(iv)(b). At such time, it will constitute a felony for an individual to wear a mask unless certain enumerated exceptions apply.

Supreme] Court in cases involving attempts to deny or restrict the right of suffrage has made this indelibly clear." *Reynolds v. Sims*, 377 U.S. 533, 554 (1964).

18.     The United States Supreme Court has expressly held that the Constitutional right to vote includes the right to vote in state primary elections. See *Smith v. Allwright*, 321 U.S. 649 (1944).

19.     Neither the Commonwealth of Virginia nor any of the named individual defendants possess a compelling justification to hinder Mr. Schilling in the exercise of his franchise, to require Plaintiff to wear a mask to exercise his right to vote, or to require Plaintiff to vote in a different manner than any other voter is permitted to vote.

20.     Courts have consistently held that to intimidate a voter in the exercise of his franchise constitutes a violation of the Constitution and federal statutory law. For example, in *Katzenbach v. Original Knights of Ku Klux Klan*, 250 F.Supp. 253, 353 (E.D. La. 1965), the Court held that "violence and intimidation... alloyed the purity of the federal political process."

## FACTS – ELECTION DAY

21.     Prior to Election Day, Mr. Schilling wrote to Defendant Washburne, who confirmed that masks were not required in order to vote in Albemarle County.

22.     On June 8, 2021, Mr. Schilling arrived at the Woodbrook Precinct in Albemarle County in order to exercise his right to vote in Virginia's Democratic Party Primary.

23.     Upon entering the precinct, he was met by Leo Mallek. Mr. Mallek, who was wearing a blue surgical mask, stated words to the effect that Mr. Schilling also needed to wear a mask.

24.     Mr. Schilling declined. "I'm not wearing a mask," he stated. "I'm here to vote today. I have an exemption from the Governor.

25.     Mr. Mallek lowered his mask. Mr. Schilling inquired as to Mr. Mallek's identity. Defendant Mallek then declined to provide his name.

26.   Mr. Schilling reiterated: "I'm here to vote!"

27.   At that point, John Doe #1 approached Mr. Schilling from behind.

28.   John Doe #1 attempted to convince Mr. Schilling to exit the building and stood in front of Mr. Schilling in such a way that Mr. Schilling was prevented from moving forward into the polling area. When Mr. Schilling attempted to walk around John Doe #1, John Doe #1 stepped in front of Mr. Schilling while he was in motion, causing bodily contact. John Doe #1 then grabbed Mr. Schilling's arm and/or shoulder.

29.   Schilling exclaimed, "You cannot block me from voting! Take your hands off me!" Once John Doe #1's hands were removed, Schilling proceeded around him into the polling area.

30.   Once inside the polling area, Schilling was speaking with additional, unnamed pollworkers when he was approached from behind by John Doe #2.

31.   Joe Doe # 2 put his hands on Mr. Schilling's arm and/or shoulder and demanded that Mr. Schilling "Come with me."

32.   Schilling again stated "Don't touch me!"

33.   John Doe #2 stated "We're going to go outside." Mr. Schilling repeatedly declined to go outside. "I'm not going outside. You can't tell me I can't vote."

34.   One of the pollworkers who was present but is not a defendant in this suit placed a call to Defendant Washburne's office in which he loudly stated "We have a problem! We have a voter who refuses to wear a mask!"

35.   From the time Mr. Schilling entered the precinct until he was finally permitted to vote, approximately six minutes elapsed.

36.   Had Mr. Schilling been permitted to vote without delay and hindrance as described herein, he would have spent less time at the polling location.

37.    Had Mr. Schilling been permitted to vote without delay and hindrance as described herein, he would not have been in close contact, including but not limited to direct bodily contact, with Defendants Mallek, John Doe #1, and John Doe #2.

38.    There was no line or wait to vote at the time Mr. Schilling arrived to vote on Election Day. But for the actions of the defendants, Mr. Schilling would have cast his vote in approximately two minutes or less, without coming into close contact with any individual, including but not limited to the defendants.

39.    The willingness of Defendant Mallek, John Doe #1, and John Doe #2 to make close bodily contact with Mr. Schilling in a purported and/or ostensible effort to ensure safety of Mr. Schilling and others from a viral disease underscores and gives rise to the inference that the true purpose of the defendants was not to protect the Woodbrook Precinct and its visitors from an outbreak, but was instead to intimidate Mr. Schilling in the exercise of his franchise on the day of the Democratic Party's primary election.

40.    Upon information and belief, defendants Washburne and Mallek were aware, prior to Election Day, of Mr. Schilling's history as a Republican elected official and as a critic of the Albemarle County Board of Supervisors. This awareness, coupled with the inscrutable decision of the defendant pollworkers, including the lawful spouse of a member of the Board of Supervisors, to come into close contact with Mr. Schilling and prolong the duration he was at the polls, all in a purported and/or ostensible effort to enforce an inapplicable mask mandate, give rise to the inference that the behavior at issue was motivated by an attempt to prevent Mr. Schilling from voting or to hinder him in the exercise of his franchise for an improper and/or retaliatory purpose.

## CLAIMS FOR RELIEF

### COUNT ONE: VIOLATION OF RIGHT TO VOTE – 42 U.S.C. § 1983

41.     Plaintiff hereby incorporates by reference the allegations contained in the preceding paragraphs as if fully set forth herein.

42.     This count seeks relief against all defendants.

43.     Under 42 U.S.C. § 1983, every person who, under color of state law, subjects any citizen of the United States to the deprivation of "rights, privileges, or immunities secured by the Constitution and laws," shall be liable to the injured party.

44.     Defendants' actions intimidated Mr. Schilling in the exercise of his franchise and violated his Constitutional right to vote. He is therefore entitled to a remedy under 42 U.S.C. § 1983.

45.     Defendants have no governmental interest so compelling as to justify the denial or abridgement of Plaintiff's rights as guaranteed by the United States Constitution.

46.     Assuming, *arguendo*, that Defendants had such an interest, Defendants have less restrictive means by which any of their legitimate interests could be met.

47.     Plaintiff has no adequate legal, administrative, or other remedy by which to prevent or minimize the continuing irreparable harm to his Constitutional rights.

48.     Plaintiff was not contributorily negligent in any way.

49.     Plaintiff continues to reside in Albemarle County and expects to vote in ensuing elections. In light of Defendant Washburne's assurances prior to arriving at the Woodbrook Precinct on June 8, 2021 that Mr. Schilling would be permitted to vote without a mask, and the acts of the defendants to prevent Mr. Schilling from voting and/or to delay or hinder him in the exercise of his franchise despite such assurances, Mr. Schilling has reason to fear that he will be treated similarly in future elections. Specifically, Mr. Schilling has reason to fear that he will

again be prevented from voting, hindered or delayed in voting, or face tortious conduct as he attempts to vote, in future elections.

50.　　Plaintiff is entitled to declaratory and permanent injunctive relief pursuant to 28 U.S.C. §§ 2201, 2202.

51.　　Plaintiff is further entitled to relief in the form of a monetary judgment and to relief in the form of a judgment for his attorney's fees.

## COUNT TWO: VIOLATION OF 52 U.S.C. § 10307

52.　　Plaintiff hereby incorporates by reference the allegations contained in the preceding paragraphs as if fully set forth herein.

53.　　This count seeks relief against all defendants.

54.　　52 U.S.C. §10307(b) provides that "No person, whether acting under color of law or otherwise, shall intimidate, threaten, or coerce, or attempt to intimidate, threaten, or coerce any person for voting or attempting to vote, or intimidate, threaten, or coerce, or attempt to intimidate, threaten, or coerce any person for urging or aiding any persons to vote or attempt to vote, or intimidate, threaten, or coerce any person for exercising any powers or duties under [various provisions]."

55.　　Multiple courts, including at least one federal Court sitting in Virginia, have found that the statute extends to private conduct and establishes a private cause of action. *Nat'l Coal. on Black Civic Participation v. Wohl*, No. 20 Civ. 8668 (VM), 2021 U.S. Dist. LEXIS 27059, 2021 WL 480818, at *5 (S.D.N.Y. Jan. 12, 2021) (collecting cases); and *League of United Latin Am. Citizens - Richmond Region Council 4614 (LULAC) v. Pub. Interest Legal Found.*, No. 1:18-cv-00423, 2018 U.S. Dist. LEXIS 136524, 2018 WL 3848404, at *3 (E.D. Va. Aug. 13, 2018) (holding that the statute reaches private conduct).

10

56.     By attempting to bar the plaintiff from the polls on Election Day, by hindering and delaying him in the exercise of his franchise, and by subjecting him to a physical assault while he was attempting to exercise his rights to vote, the defendants, acting in concert, have violated 52 U.S.C. §10307(a).

57.     Mr. Schilling is therefore entitled to relief in the form of a monetary judgment against the defendants redressing his actual damages and in the form of an injunction which will protect him in the exercise of his rights in future elections.


## COUNT THREE: ASSAULT

58.     Plaintiff hereby incorporates by reference the allegations contained in the preceding paragraphs as if fully set forth herein.

59.     This count seeks relief against Defendants John Doe #1 and John Doe #2 for their own actions. This count seeks relief against Defendants Washburne and Mallek under the doctrines of *respondeat superior*, and/or under the theories of liability set forth in paragraph 8.

60.     "The tort of assault consists of an act intended to cause either harmful or offensive contact with another person or apprehension of such contact, and that creates in that other person's mind a reasonable apprehension of an imminent battery." *Koffman v. Garnett*, 265 Va. 12, 16, 574 S.E.2d 258, 261 (2003) (internal citations omitted).

61.     John Doe #1 committed a battery upon Mr. Schilling when he attempted to enter the polling area. In the moment leading up to that battery, Mr. Schilling reasonably feared an imminent battery.

62.     John Doe #2 committed a battery upon Mr. Schilling when he snuck up on Mr. Schilling from behind after he had entered the polling area. John Doe #2 also told Mr. Schilling that they

were "going outside," which language reasonably suggests the possibility for further acts of battery. In light of the foregoing, Mr. Schilling reasonably feared an imminent battery.

## COUNT FOUR: BATTERY

63.    Plaintiff hereby incorporates by reference the allegations contained in the preceding paragraphs as if fully set forth herein.

64.    This count seeks relief against Defendants John Doe #1 and John Doe #2 for their own actions. This count seeks relief against Defendants Washburne and Mallek under the doctrines of *respondeat superior*, and/or under the theories of liability set forth in paragraph 8.

65.    "The tort of battery is an unwanted touching which is neither consented to, excused, nor justified." *Koffman v. Garnett*, 265 Va. 12, 16, 574 S.E.2d 258, 261 (2003) (internal citations omitted).

66.    Without justification, consent, or excuse of any kind, John Does #1 and #2 each put hands on Mr. Schilling in an attempt to prevent him from exercising his franchise, and/or in an attempt to hinder and.or delay him in exercising his franchise.

67.    John Doe #1 put his hands on Mr. Schilling in order to prevent him from entering the polling area.

68.    John Doe #2 put his hands on Mr. Schilling in a bid to eject him from the polling area.

## COUNT FIVE: FALSE IMPRISONMENT

69.    Under Virginia law, false imprisonment is "the direct restraint by one person of the physical liberty of another without adequate legal justification." *W. T. Grant Co. v. Owens,* 149 Va. 906, 921, 141 S.E. 860 (1928). "[T]he gist of the action is the illegal detention of the person, without lawful process, or the unlawful execution of lawful process." *Montgomery Ward v.*

*Wickline*, 188 Va. 485, 489, 50 S.E.2d 387 (1948). "To maintain an action for false imprisonment is not necessary to show malice, ill will or the slightest wrongful intention, and neither the good faith of a defendant nor that of his employee will defeat a plaintiff's right to recover." *Zayre of Va., Inc. v. Gowdy*, 207 Va. 47, 51, 147 S.E.2d 710 (1966).

70.     This count seeks relief against Defendants Mallek and John Doe #1 for their own actions. This count also seeks relief against Defendants Washburne and Mallek under the doctrines of *respondeat superior*, and/or under the theories of liability set forth in paragraph 8.

71.     Although Defendant Mallek's attempt to stand in Mr. Schilling's way and bar him from entering the polling area was ultimately unsuccessful, defendant Mallek nevertheless restrained Mr. Schilling's movement when he attempted to stand in Mr. Schilling's way.

72.     Although John Doe #1's attempt to prevent Mr. Schilling from entering the polling area was ultimately unsuccessful, Defendant John Doe #1 nevertheless restrained Mr. Schilling's movement by standing in his way and putting his hands on Mr. Schilling.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff asks this Court:

A. To enter an injunction preventing the named defendants from preventing Mr. Schilling from voting or hindering him in the exercise of his franchise based on any ostensible failure to wear a face mask in future elections.

B. To enter a judgment declaring that Mr. Schilling's right to vote and other related rights under the U.S. Constitution and other applicable law was violated by the actions of the defendants as set forth herein;

C. To enter a judgment awarding Mr. Schilling his actual damages from the acts of the defendants complained of herein in an amount to be established at trial and punitive damages;

D.  To award Plaintiff his attorneys' fees and costs pursuant to 42 U.S.C. § 1988, Rule 3:25 of the Rules of the Supreme Court of Virginia, Fed. R. Civ. P. 54(d), other applicable law, or some combination of the foregoing; and

E.  To grant such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff hereby demands trial by jury of all issues raised herein which are so triable.

Respectfully submitted this the 21st day of June, 2021,

ROBERT SCHILLING
By Counsel

/s/ Matthew D. Hardin
Matthew D. Hardin, VSB #87482
Hardin Law Office
1725 I Street, Suite 300
Washington, DC 20006
Phone: (434) 202-4224
Email: Matt@MatthewHardin.com