IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| ROBERT SCHILLING, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 3:21cv00022 |
| RICHARD "JAKE" WASHBURNE, et al., | ) ) ) ) |
| Defendants. | ) ) |

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS
OF DEFENDANTS WASHBURNE AND MALLEK**

Defendants Richard Washburne and Leo Mallek, by counsel, submit this memorandum in support of their motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

STATEMENT OF THE CASE

Plaintiff alleges that he was delayed six minutes before being permitted to vote on June 8, 2021. Plaintiff sets forth his claims against the Defendants in five counts. Count One seeks relief under 42 U.S.C. § 1983. Count Two claims a violation of 52 U.S.C. § 10307. Counts Three, Four and Five are the intentional torts of assault, battery, and false imprisonment respectively. The claims against Washburne are all based upon *respondeat superior*. Complaint, ¶¶ 3, 59, 64, and 70. The allegation against Mallek is that he told Plaintiff he must wear a mask but took no further action when Plaintiff refused.

Defendants Washburne and Mallek contend that they cannot be held liable under the doctrine of *respondeat superior* for the claims alleged in Counts One and Two. Further, Mallek's actions as described in the Complaint do not establish a violation of Plaintiff's statutory

1

or constitutional rights as claimed under Counts One and Two.  The claim of *respondeat superior* against Washburne and Mallek under Counts Three, Four and Five is a legal nullity because Washburne and Mallek do not employ the poll workers whose actions Plaintiff alleges are the source of their liability.

## ARGUMENT AND AUTHORITY

**I.      Standard of Review.**

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits dismissal when a plaintiff fails to state a claim upon which relief can be granted.  To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient "facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level."  *Id*. at 555.

A court should construe factual allegations in the nonmoving party's favor and will treat them as true, but is "not so bound with respect to (the complaint's) legal conclusions."  *Dist. 28, United Mine Workers, Inc. v. Wellmore Coal Corp*., 609 F.2d 1083, 1085 (4th Cir. 1979).  Indeed, a court will accept neither "legal conclusions drawn from the facts" nor unwarranted inferences, unreasonable conclusions, or arguments."  *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000).  Further, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In order for a plaintiff's claims to survive dismissal, he must allege facts sufficient to state all the elements of his claim.  *Bass v. E.I. DuPont de Nemours & Co*., 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp*., 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)).  A plaintiff must provide the grounds of his

entitlement to relief, which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

**II.     The Federal Claims.**

In Count One, Plaintiff alleges that he is entitled to a remedy under 42 U.S.C. § 1983. (Complaint, ¶ 44.) In Count Two, he alleges violation of 52 U.S.C. § 10307(b). To the extent Plaintiff relies upon *respondeat superior* as a basis of liability against Defendant Washburne, his claims under Counts One and Two must fail. The only private cause of action Plaintiff could possibly have under 52 U.S.C. § 10307 would be pursuant to 42 U.S.C. § 1983.

There is nothing in Chapter 103 of Title 52 of the United States Code that establishes a private cause of action for violation of 52 U.S.C. § 10307. At best, 52 U.S.C. § 10302 acknowledges a claim under the Fourteenth or Fifteenth Amendment to the United States Constitution. Such a claim would be brought pursuant to 42 U.S.C. § 1983. In the absence of language authorizing a private cause of action Plaintiff could base a 42 U.S.C. § 1983 claim on 52 U.S.C. § 10307 as the "right" that was deprived under color of state law. In that vein, Counts One and Two are repetitive in that they can only be brought pursuant to 42 U.S.C. § 1983. It is beyond argument that a defendant cannot be held liable in *respondeat superior* under 42 U.S.C. § 1983. *Monell v. Dept. of Social Services*, 436 U.S. 658 (1978). Accordingly, to the extent Counts One and Two rely on *respondeat superior*, they fail to state a claim upon which relief can be granted and the Court should dismiss Counts One and Two.

In paragraphs 23-26 of the Complaint, Plaintiff describes the actions of Mallek that Plaintiff claims violated his right to vote. There is no indication that Mallek was intimidating, menacing or threatening when he advised Plaintiff he was required to wear a mask. Given that the total time for Plaintiff to vote was six minutes, Complaint ¶ 35, and the mask discussion is

3

the only interaction between Plaintiff and Mallek, the allegations against Mallek simply do not support a claim against Mallek.  It is axiomatic that a defendant in a claim under 42 U.S.C. § 1983 must have taken action to violate federal rights of the plaintiff.  In this case, the allegations fail to state a claim upon which relief can be granted.

**III.     *Respondeat Superior* under the State Law Claims.**

Plaintiff alleges that Washburne and Mallek are liable for the actions of Defendants John Does 1 and 2 under the theory of *respondeat superior*.  Pursuant to the doctrine of *respondeat superior*, an employer is liable for the tortious acts of its employee if that employee was performing the employer's business and acting within the scope of the employment when the tortious acts were committed.  *Giant, Inc. v. Enger*, 257 Va. 513, 515 S.E.2d 111 (1999).  The employer/employee relationship is crucial to the theory of liability.  In this case, there is no employer/employee relationship as a matter of law.

Washburne and Mallek are not the employer of poll workers.  Virginia Code § 24.2-114 sets forth the duties and powers of a general registrar.  None of the 19 subparagraphs in that statute authorize the general registrar to employ poll workers.  On the contrary, electoral boards appoint officers of election.  See Va. Code § 24.2-115.  Moreover, it is the responsibility of the governing body of each county, city, or town to pay officers of election.  Va. Code § 24.2-116.  In short, the registrar does not employ officers of election and Plaintiff's allegation to the contrary is subject to dismissal.

CONCLUSION

For the foregoing reasons, Defendants Washburne and Mallek respectfully move the Court to dismiss the Complaint with prejudice and grant such other relief as the Court may deem appropriate.

RICHARD "JAKE" WASHBURNE
and LEO MALLEK
By /s/ Jim H. Guynn, Jr.
Jim H. Guynn, Jr., Esq. (VSB #22299)
Guynn, Waddell, Carroll & Lockaby, P.C.
415 S. College Avenue
Salem, Virginia  24153
Phone: 540-387-2320
Fax:     540-389-2350
Email: jimg@guynnwaddell.com
*Attorney for Defendants Richard Washburne and Leo Mallek*

## CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of July, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to:

Matthew D. Hardin, Esq.
Hardin Law Office
1725 I Street, Suite 300
Washington, DC 20006
matt@matthewhardin.com
*Counsel for Plaintiff*

/s/ Jim H. Guynn, Jr.
Jim H. Guynn, Jr., (VSB #22299)
Guynn, Waddell, Carroll & Lockaby, P.C.
415 S. College Avenue
Salem, Virginia  24153
Phone: 540-387-2320
Fax:     540-389-2350
Email: jimg@guynnwaddell.com
*Attorney for Defendants Richard Washburne and Leo Mallek*