UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
(Charlottesville Division)

| | |
|---|---|
| Robert Schilling,<br><br>            Plaintiff,<br><br>v.<br><br>Jake Washburne, *et al.*,<br>            Defendants. | Case No. 3:21CV00022<br><br>**Motion to Amend**<br>**Pretrial Scheduling Order** |

    NOW COMES Robert Schilling, by and through undersigned counsel, and moves to amend the proposed pretrial scheduling order, filed at ECF No. 8, in this matter. In support of this Motion, Mr. Schilling states as follows:

1. This Court entered an order on July 19, which states in relevant part: "The court proposes the following as a pretrial order pursuant to Federal Rule of Civil Procedure 16(b). If no party requests changes within 10 days, it will constitute the scheduling order in this case." Mr. Schilling therefore submits this Motion to request certain changes within the applicable deadline, and has also begun to confer with opposing counsel to determine whether an agreement can be reached.

2. This case includes two named defendants and two defendants identified only as John Doe.

3. It is undersigned counsel's understanding, based on the facts set forth in the Complaint and based on consultations with defense counsel, that the attorneys who represent the two named defendants will also be retained to represent the two John Does, once such John Does can be identified and served.

4. Identifying the John Doe defendants is crucial to resolving this case, both with respect to the eventual merits of the matter and with respect to the pending Motion to Dismiss. The Complaint alleges at paragraphs 5 and 6 that the two named defendants are aware of the identity of the two John Doe defendants, alleges at paragraph 3 and 4 that the two named defendants supervised and/or employed the two John Doe Defendants, and alleges at paragraph 8 that the two named defendants acted as joint tortfeasors with or in a civil conspiracy alongside the two John Doe defendants. Paragraphs 5 and 6 of the Complaint in this matter expressly contemplate amendment to properly name and sue the two John Doe defendants.

5. In their Motion to Dismiss and the accompanying memorandum, ECF Nos. 6 and 7, the two named defendants dispute the applicability of the doctrine of *respondeat superior* to this case. While Mr. Schilling does not agree with the analysis of defendants Washburne and Mallek on that issue, he has nevertheless given notice of claim, as required by the laws of the Commonwealth of Virginia, to additional potential employers of the defendants. See Va. Code Va. Code §§ 15.2-209 and 8.01-195.6. See also Exhibit A. That the defendants have raised an issue which may necessitate further amendment of the Complaint and the joinder of additional defendants, in addition to the John Doe defendants, further militates in favor of amending the scheduling order in this case.[1]

---

[1] Undersigned counsel anticipates that amending the pretrial scheduling order as set forth herein would allow for the Complaint to be amended once, rather than seriatim, as defendants are identified and raise new arguments. As such, it is in the interest of judicial economy and the most efficient use of resources for all counsel to amend the pretrial scheduling order as set forth herein.

6. Undersigned counsel for the Plaintiff has raised the issue of a Rule 26 conference with the defense, but no conference has yet taken place. Such a conference would likely resolve many of the issues set forth above.

7. The proposed scheduling order in this case will make it effectively impossible for Plaintiff to timely amend his complaint or name the John Does. Specifically, the proposed scheduling order requires the pleadings to be amended within 45 days of the date of the order (paragraph 24) and sets a Rule 26 conference that and other discovery deadlines that will not allow Plaintiff to obtain the information he needs to make an amendment prior to that date.

WHEREFORE, Mr. Schilling moves for an order providing as follows:

A) The pretrial order shall be modified to the extent set forth below;

B) The parties shall conduct a Rule 26 conference no later than August 2, 2021.

C) The parties shall conduct limited discovery, for the exclusive purpose of identifying the John Does and addressing any jurisdictional defects alleged by the defendants, commencing immediately and concluding within 90 days of the date of the order;

D) Within 10 days of the expiration of the 90-day period for limited and jurisdictional discovery, the Plaintiff shall amend his complaint to properly name the John Doe defendants and any additional defendants. At such time, the pretrial order docketed at ECF No. 8 shall be re-issued, and all dates shall run from re-entry of the order.

E) The pending Motion to Dismiss shall be held in abeyance pending Amendment of the Complaint. If no Amendment is filed, the Plaintiff shall respond to the pending Motion to Dismiss no later than 10 days following the expiration to the 90-day period set forth above.

Respectfully submitted this the 22nd day of July, 2021,

ROBERT SCHILLING
By Counsel

/s/ Matthew D. Hardin
Matthew D. Hardin, VSB #87482
Hardin Law Office
1725 I Street, Suite 300
Washington, DC 20006
Phone: (434) 202-4224
Email: Matt@MatthewHardin.com

### Certificate of Service

I hereby certify that on this the 22nd day of July, 2021, I will file a true and correct copy of the foregoing via the Court's CM/ECF system, which will electronically serve all counsel of record.

/s/ Matthew D. Hardin
Matthew D. Hardin

### Certificate Pursuant to Local Civ. R. 11(b)

I hereby certify that counsel have conferred about the scheduling of this case, but have not yet reached an agreement. If counsel are able to reach an agreement, I will submit a proposed order endorsed by counsel for all parties. If no agreement can be reached, I will request a hearing pursuant to Local Civ. R. 11(b).

/s/ Matthew D. Hardin
Matthew D. Hardin