UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
(Charlottesville Division)

| | |
|---|---|
| Robert Schilling,<br><br>               Plaintiff,<br><br>v.<br><br>Jake Washburne, *et al.*,<br>               Defendants. | Case No. 3:21CV00022<br><br>**Memorandum of Law in Support of Motion to Amend Pretrial Scheduling Order** |

    NOW COMES Robert Schilling, by and through undersigned counsel, and submits this Memorandum of Law in Support of his Motion to Amend the Pretrial Scheduling Order, filed at ECF No. 8, in this matter.

## I. Introduction

    As set forth in his Motion, Plaintiff Robert Schilling is presently suing two named defendants and two "John Doe" defendants. It appears likely that counsel for the two named defendants will eventually represent the two John Doe defendants as well, once such John Does can be identified and served. Given the arguments raised by the two named defendants, it may also be necessary for additional defendants to be joined to this suit, and Mr. Schilling has taken steps to ensure he can timely amend his suit to address any issues that may arise.

    Mr. Schilling has taken steps to diligently pursue his claims in a manner that will minimize the burden for all involved, including the defense and the Court. Mr. Schilling's Motion should be granted so that this case can proceed to an expeditious resolution on its merits.

## II.   Standard

Fed. R. Civ. P. 16(b)(2) ordinarily requires that a scheduling order must be entered "within the earlier of 90 days after any defendant has been served with the complaint or 60 days after any defendant has appeared" but contains a notable caveat: "unless the judge finds good cause for delay." Fed. R. Civ. P. 16(b)(4) requires that, once issued, "A schedule may be modified only for good cause and with the judge's consent." The Rule contains no similar limitation for *proposed* scheduling orders, such as the one issued in this case, however.

"[A] scheduling order under Rule 16(b) is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." Marcum v. Zimmer, 163 F.R.D. 250, 253 (S.D. W. Va. 1995) (quoting *Goewey v. United States,* 886 F. Supp. 1268, 1283 (D.S.C. 1995)). "Indeed, a scheduling order is the critical path chosen by the trial judge and the parties to fulfill the mandate of Rule 1 in 'securing the just, speedy, and inexpensive determination of every action.'"

Vacating or amending a scheduling order is routine in cases involving John Doe defendants. See, e.g., *Attkisson v. United States*, 2018 U.S. Dist. LEXIS 226174 (Va. E.D. 2018), *Murray v. City of N. Charleston*, 2020 U.S. Dist. LEXIS 230291 (S.C. Dist. Ct. 2020), *Tomashek v. Raleigh Cty. Emergency Operating Ctr*. 2018 U.S. Dist. LEXIS 56811 (S.D. W.Va. 2018).

## III.   Argument

The proposed scheduling order in this case will make it effectively impossible for Plaintiff to timely amend his complaint or name the John Does. Specifically, the proposed scheduling order requires the pleadings to be amended within 45 days of the date of the order (paragraph 24) and sets a Rule 26 conference and other discovery deadlines that will not allow Plaintiff to obtain the information he needs to make an amendment prior to that date.

The Complaint in this matter expressly contemplated amendment for one purpose: to identify the John Does. The two named defendants have raised another issue in their Motion to Dismiss that will also merit exploration and possibly require the joinder of additional defendants: whether the two named defendants employ or supervise the John Does or whether additional, as-yet unidentified parties also employ and/or supervise the John Does.

Completing discovery in order to identify the John Does and join any additional defendants within 45 days of the date of the order will be effectively impossible, especially if discovery controversies arise and counsel must either confer to resolve such difficulties or engage in motions practice to reach a resolution. Because Mr. Schilling files this Motion before the proposed scheduling order has formally been entered, he is not required by Fed. R. Civ. P. 16(b) to demonstrate good cause for its modification. Nevertheless, it is apparent that there is "good cause for delay" in entering a pretrial scheduling order in this case, as set forth above and in the accompanying Motion. Mr. Schilling has filed this request expeditiously, and the timeliness of his request to modify the proposed scheduling order demonstrates diligence which further weighs in favor of granting the relief he seeks.

### IV.    Conclusion

For the reasons set forth herein and in his accompanying Motion, the Plaintiff moves that the pretrial scheduling order be vacated and modified to allow:

A) The parties to conduct a Rule 26 conference no later than August 2, 2021.

B) The parties to conduct limited discovery, for the exclusive purpose of identifying the John Does and addressing any jurisdictional defects alleged by the defendants, commencing immediately and concluding within 90 days of the date of the order;

C) The Plaintiff to amend his complaint to properly name the John Doe defendants and any additional defendants within 10 days of the expiration of the 90-day period for limited and jurisdictional discovery

D) The pretrial order docketed at ECF No. 8 to be re-issued following amendment of the complaint, and all dates to run from re-entry of the order.

E) The pending Motion to Dismiss to be held in abeyance pending Amendment of the Complaint.

Respectfully submitted this the 22nd day of July, 2021,

ROBERT SCHILLING
By Counsel

/s/ Matthew D. Hardin
Matthew D. Hardin, VSB #87482
Hardin Law Office
1725 I Street, Suite 300
Washington, DC 20006
Phone: (434) 202-4224
Email: Matt@MatthewHardin.com

## Certificate of Service

I hereby certify that on this the 22nd day of July, 2021, I will file a true and correct copy of the foregoing via the Court's CM/ECF system, which will electronically serve all counsel of record.

/s/ Matthew D. Hardin
Matthew D. Hardin