IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| ROBERT SCHILLING, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:21cv00022 |
| ) | |
| RICHARD "JAKE" WASHBURNE, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

**REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS
OF DEFENDANTS WASHBURNE AND MALLEK**

Defendants Richard Washburne and Leo Mallek, by counsel, submit this reply memorandum in support of their motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

<u>Section 1983</u>

It is fundamental in a case brought under 42 U.S.C. § 1983 that the plaintiff plead the actions of the defendants that violated plaintiff's constitutional rights. Liability under § 1983 is "personal, based upon each defendant's own constitutional violations." *Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001) (internal citations omitted). Thus, a § 1983 claim requires factual detail about each defendant's personal involvement. *See Wilcox v. Brown*, 877 F.3d 161, 170 (4th Cir. 2017) (explaining that liability will lie under § 1983 only "where it is affirmatively shown that the official charged acted personally" in the violation of plaintiff's rights and affirming dismissal of claim where plaintiff did not allege personal involvement by defendant) (quoting *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977)).

1

Schilling's allegations fall short of the standard. Schilling alleges that Washburne misled him when Washburne told Schilling he did not have to wear a mask to vote. Washburne's statement did not violate any constitutional right of Schilling. Likewise, Schilling alleges that Mallek accosted him at the doorway and questioned him about wearing a mask to vote but stopped short of pleading that Mallek did anything more. Thus, Schilling has not asserted a claim under 42 U.S.C. § 1983 against Mallek. Schilling's argument that Mallek and Washburne "acted in concert" does not satisfy the rigorous pleading requirements of 42 U.S.C. § 1983 in these circumstances. Schilling's failure in this regard is illustrated by the argument in his memorandum that Mallek and Washburne are "natural persons who were <u>responsible</u> for the conduct alleged" (emphasis added). There is a substantial difference between being "responsible" for conduct and engaging in the conduct. A claim under 42 U.S.C. § 1983 requires plaintiff to allege the conduct that Mallek and Washburne engaged in which violated a federal or constitutional right. Even with inferences as liberal as Schilling argues in his brief, it is clear that Schilling has failed to allege personal conduct by Mallek and Washburne that state a claim under 42 U.S.C. § 1983.

Voting Rights Act

Schilling claims that his cause of action is based on 52 U.S.C. § 10307 and that the decisions he cites in his Complaint stand for the proposition that there is a private cause of action under the statute. The existence of a private cause of action was not at issue in *LULAC v. Public Interest Legal Foundation*, 2018 U.S. Dist. LEXIS 136524 (E.D. Va. August 13, 2018). The portion of the *LULAC* decision that Schilling relies on did not address the existence of the cause of action. The question the Court addressed was whether or not the plaintiff could assert a claim against a private person under the Voting Rights Act. Since Mallek and Washburne were both

acting under color of state law, *LULAC* does not apply. Schilling has not cited any authority for the proposition that there is a private cause of action under 52 U.S.C. § 10307.

State Law Claims

Schilling argues that he has stated a claim of assault, battery, and false imprisonment against Mallek under paragraph 8 of the Complaint. In paragraph 8, he alleges that Mallek and the John Doe Defendants are liable for the actions of one another because they "acted in concert and with a common purpose" and were "engaged in a civil conspiracy" to commit the state law torts. Schilling does not explain how acting in concert and with a common purpose differs from a civil conspiracy. They are essentially the same. It is well established in Virginia that individuals in the same employment cannot engage in a conspiracy. To the extent Schilling relies on the allegations in paragraph 8 of the Complaint, those allegations are a legal nullity. Schilling alleges a state of facts that cannot exist legally. Employees at the same employer cannot engage in a conspiracy. The same is true of Schilling's argument with regard to agency. He alleges facts (the John Does were agents of Mallek) that defy the legal and statutory foundation that Mallek is not the employer of the John Does. As a matter of law, the John Does could not be the agents of Mallek.

To the extent Schilling alleges that Mallek is liable for the actions of the John Does as their supervisor, he fails to state a claim under Virginia law. "It has been repeatedly concluded that Virginia courts do not recognize a claim of negligent supervision. *Parrish v. American Airlines, Inc.*, 97 Va. Cir. 271, 277 (2017) (internal citations omitted). The court relied upon *Chesapeake & Potomac Telephone Co. v. Dowdy*, 235 Va. 55, 61, 365 S.E.2d 751, 754 (1988), in which the Supreme Court of Virginia stated that in Virginia there is no duty of reasonable care imposed upon an employer in a supervision of its employees under these circumstances and we

will not create one here. *Id*. Even though there is limiting language in *Dowdy*, courts have routinely interpreted the decision to hold that negligent supervision is not actionable in Virginia. *Id*., citing *Lawrence v. Sentara Hospitals-Norfolk*, 90 Va. Cir. 232, 233 (2015).

## Necessary Parties

Schilling can only obtain injunctive relief against persons who violated his rights. In this instance, Mallek and Washburne did not violate his rights as a matter of law and therefore are not subject to injunction requiring them not to violate his rights in the future.

## CONCLUSION

For the foregoing reasons, Defendants Washburne and Mallek respectfully move the Court to dismiss the Complaint with prejudice and grant such other relief as the Court may deem appropriate.

> RICHARD "JAKE" WASHBURNE
> and LEO MALLEK
> By /s/ Jim H. Guynn, Jr.
> Jim H. Guynn, Jr., Esq. (VSB #22299)
> Guynn, Waddell, Carroll & Lockaby, P.C.
> 415 S. College Avenue
> Salem, Virginia  24153
> Phone: 540-387-2320
> Fax:    540-389-2350
> Email: jimg@guynnwaddell.com
> *Attorney for Defendants Richard Washburne and Leo Mallek*

## CERTIFICATE OF SERVICE

I hereby certify that on the 13th day of August, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to:

Matthew D. Hardin, Esq.
Hardin Law Office
1725 I Street, Suite 300
Washington, DC 20006
matt@matthewhardin.com
*Counsel for Plaintiff*

/s/ Jim H. Guynn, Jr.
Jim H. Guynn, Jr., (VSB #22299)
Guynn, Waddell, Carroll & Lockaby, P.C.
415 S. College Avenue
Salem, Virginia  24153
Phone: 540-387-2320
Fax:    540-389-2350
Email: jimg@guynnwaddell.com
*Attorney for Defendants Richard Washburne and Leo Mallek*