IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

ROBERT SCHILLING,

        Plaintiff,

v.

LEO MALLEK, DAVID CAREY, and
LAWRENCE BOUTERIE,

        Defendants.

CASE NO. 3:21-cv-00022-NKM-JCH

## ANSWER OF DEFENDANT DAVID CAREY

Defendant David Carey, by counsel, hereby answers the allegations in the First Amended Complaint (FAC) by Plaintiff Robert Schilling, according to its numbered paragraphs, as follows below. Defendant denies all allegations in the FAC not expressly admitted herein. Defendant states that the headings, sub-headings, and footnotes throughout the FAC do not constitute well-pleaded allegations of fact and therefore require no response. To the extent a response is required, Defendant denies the allegations in the headings, sub-headings, and footnotes in the FAC. By filing this Answer, Defendant does not waive—and hereby expressly preserves—its defenses under Federal Rule of Civil Procedure 12(b) and any other defenses asserted in future motions or submissions to the Court. Defendant reserves the right to seek to amend and/or supplement its Answer as may be necessary.

### "INTRODUCTION"

1. The allegations in paragraph 1 are conclusions of law to which no response is required and are therefore denied. To the extent those allegations are deemed in whole or in part to be factual, Defendant denies them.

## "PARTIES"

2. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 and therefore denies them.

3. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 and therefore denies them.

4. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 and therefore denies them.

5. Regarding the allegations in paragraph 5, Defendant admits that he was present at the Woodbrook Precinct on June 8, 2021. He denies the remaining allegations.

6. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 and therefore denies them.

7. The allegations in paragraph 7 are conclusions of law to which no response is required and are therefore denied. To the extent those allegations are deemed in whole or in part to be factual, Defendant denies them.

8. The allegations in paragraph 8 that the defendants were engaged in a civil conspiracy and were joint tortfeasors are statements of law to which no response is required and are therefore denied. To the extent that those allegations are deemed in whole or in part to be factual, Defendant denies them. Defendant denies the remaining allegations in paragraph 8.

9. Defendant denies the allegations in paragraph 9.

10. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 and therefore denies them.

## "JURISDICTION AND VENUE"

11. The allegations in paragraph 11 are conclusions of law to which no response is required and are therefore denied. To the extent the allegations in paragraph 11 are deemed in whole or in part to be factual, Defendant denies them.

12. The allegations in paragraph 12 are conclusions of law to which no response is required and are therefore denied. To the extent the allegations in paragraph 12 are deemed in whole or in part to be factual, Defendant denies them.

13. The allegations in paragraph 13 are conclusions of law to which no response is required and are therefore denied. To the extent the allegations in paragraph 13 are deemed in whole or in part to be factual, Defendant denies them.

14. The allegations in paragraph 14 are conclusions of law to which no response is required and are therefore denied. To the extent the allegations in paragraph 14 are deemed in whole or in part to be factual, Defendant denies them.

15. The allegations in paragraph 15 are conclusions of law to which no response is required and are therefore denied. To the extent the allegations in paragraph 15 are deemed in whole or in part to be factual, Defendant denies them.

## "FACTS – BACKGROUND"

A. "The COVID-19 Pandemic"

16. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 and therefore denies them.

17. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 17 and therefore denies them.

18. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 18 and therefore denies them.

### B. "U.S. Constitutional Law"

19. Paragraph 19 purports to quote a case, which speaks for itself and does not require a response. To the extent a response is required, Defendant denies those allegations to the extent they inaccurately or incompletely quote that case, and refers the Court to the case for a complete and accurate statement of its contents.

20. The allegations in paragraph 20 are conclusions of law to which no response is required and are therefore denied. To the extent those allegations are deemed in whole or in part to be factual, Defendant denies them.

21. The allegations in paragraph 21 are conclusions of law to which no response is required and are therefore denied. To the extent those allegations are deemed in whole or in part to be factual, Defendant denies them.

22. The allegations in paragraph 22 are conclusions of law to which no response is required and are therefore denied. To the extent those allegations are deemed in whole or in part to be factual, Defendant denies them. The last sentence in paragraph 22 purports to quote a case, which speaks for itself and does not require a response. To the extent a response is required, Defendant denies those allegations to the extent they inaccurately or incompletely quote that case, and refers the Court to the case for a complete and accurate statement of its contents.

### "FACTS: ELECTION DAY"

23. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23 and therefore denies them.

24. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24 and therefore denies them.

25. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25 and therefore denies them.

26. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26 and therefore denies them.

27. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27 and therefore denies them.

28. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28 and therefore denies them.

29. Defendant denies the allegations in paragraph 29.

30. Regarding paragraph 30, Defendant admits that he conversed with Plaintiff and that there may have been bodily contact but Defendant denies the remaining allegations in the first, second, and third sentences of paragraph 30. Defendant admits that Defendant Mallek was in the vicinity of the interaction, but Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations concern Mr. Mallek's mental impressions and therefore denies them. Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations in the fifth and sixth sentences of paragraph 30 and therefore denies them.

31. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31 and therefore denies them.

32. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32 and therefore denies them.

33. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33 and therefore denies them.

34. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34 and therefore denies them.

35. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35 and therefore denies them.

36. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36 and therefore denies them.

37. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37 and therefore denies them.

38. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 38 and therefore denies them.

39. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 39 and therefore denies them.

40. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 40 and therefore denies them.

41. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning other parties and/or defendants in paragraph 41 and therefore denies them. Defendant denies the allegations in paragraph 41 pertaining to him.

42. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 42 and therefore denies them.

## "CLAIMS FOR RELIEF"

## "COUNT ONE: VIOLATION OF RIGHT TO VOTE & 42 U.S.C. § 1983"

43. No response is required for the allegations in paragraph 43. Defendant hereby incorporates by reference his responses to the preceding paragraphs as if fully set forth herein.

44. No response is required for the allegations in paragraph 44. To the extent those allegations are deemed in whole or in part to be factual, Defendant denies them.

45. The allegations in paragraph 45 purport to quote a statute, which speaks for itself and does not require a response. To the extent a response is required, Defendant denies those allegations to the extent they inaccurately or incompletely quote the statute, and refers the Court to the statute for a complete and accurate statement of its contents.

46. The allegations in paragraph 46 are conclusions of law to which no response is required and are therefore denied. To the extent those allegations are deemed in whole or in part to be factual, Defendant denies them.

47. The allegations in paragraph 47 are conclusions of law to which no response is required and are therefore denied. To the extent those allegations are deemed in whole or in part to be factual, Defendant denies them.

48. The allegations in paragraph 48 are conclusions of law to which no response is required and are therefore denied. To the extent those allegations are deemed in whole or in part to be factual, Defendant denies them.

49. The allegations in paragraph 49 are conclusions of law to which no response is required and are therefore denied. To the extent those allegations are deemed in whole or in part to be factual, Defendant denies them.

50. The allegations in paragraph 50 are conclusions of law to which no response is required and are therefore denied. To the extent those allegations are deemed in whole or in part

to be factual, Defendant denies them. Defendant further preserves all affirmative defenses, including contributory negligence.

51. Defendant denies the allegation in paragraph 51 that he prevented Plaintiff from voting. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 51 and therefore denies them.

52. The allegations in paragraph 52 are conclusions of law to which no response is required and are therefore denied. To the extent those allegations are deemed in whole or in part to be factual, Defendant denies them.

53. The allegations in paragraph 53 are conclusions of law to which no response is required and are therefore denied. To the extent those allegations are deemed in whole or in part to be factual, Defendant denies them.

### "COUNT TWO: VIOLATION OF 52 U.S.C. 10307"

54. Because the Court has dismissed Count Two of the Complaint, Dkt. 38, no response is required for the allegations in paragraphs 54 through 59.

### "COUNT THREE: ASSAULT"

55. No response is required for the allegations in paragraph 60. Defendant hereby incorporates by reference his responses to the preceding paragraphs as if fully set forth herein.

56. The allegations in paragraph 61 are conclusions of law to which no response is required and are therefore denied. To the extent those allegations are deemed in whole or in part to be factual, Defendant denies them.

57. The allegations in paragraph 62 purport to quote a case, which speaks for itself and does not require a response. To the extent a response is required, Defendant denies those al-

8

legations to the extent they inaccurately or incompletely quote that case, and refers the Court to those cases for a complete and accurate statement of its contents.

58. Defendant denies the allegations in the first sentence of paragraph 63. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 63 and therefore denies them.

59. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 64 and therefore denies them.

## "COUNT FOUR: BATTERY"

60. No response is required for the allegations in paragraph 65. Defendant hereby incorporates by reference his responses to the preceding paragraphs as if fully set forth herein.

61. The allegations in paragraph 66 are conclusions of law to which no response is required and are therefore denied. To the extent those allegations are deemed in whole or in part to be factual, Defendant denies them.

62. The allegations in paragraph 67 purport to quote from a case, which speaks for itself and does not require a response. To the extent a response is required, Defendant denies those allegations to the extent they inaccurately or incompletely quote the case, and refers the Court to that case for a complete and accurate statement of its contents.

63. Defendant denies the allegations in paragraph 68 pertaining to him. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning other defendants, and therefore denies those allegations. Defendant further preserves all affirmative defenses, including sufficient justification for any physical contact.

64. Defendant denies the allegations in paragraph 69.

65. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 70 and therefore denies them.

## "COUNT FIVE: FALSE IMPRISONMENT"

66. The allegations in paragraph 71 purport to quote several cases, which speak for themselves and do not require a response. To the extent a response is required, Defendant denies those allegations to the extent they inaccurately or incompletely quote those cases, and refers the Court to those cases for a complete and accurate statement of their contents.

67. The allegations in paragraph 72 are conclusions of law to which no response is required and are therefore denied. To the extent those allegations are deemed in whole or in part to be factual, Defendant denies them.

68. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 73 and therefore denies them.

69. Defendant denies the allegations in paragraph 74.

## "PRAYER FOR RELIEF"

The remainder of the Complaint consists of Plaintiff's Prayer for Relief and requires no response. To the extent these allegations are deemed in whole or in part to be factual, Defendant denies them and further states that Plaintiffs are not entitled to the relief requested or to any relief whatsoever.

## **AFFIRMATIVE DEFENSES**

70. Defendant cannot be held liable by virtue of the doctrines of sovereign, qualified, good faith, and/or governmental immunity.

71. Defendant had sufficient cause to justify his alleged touching or alleged restraint of Plaintiff and therefore cannot be liable for assault, battery, or false imprisonment.

72. Plaintiff was contributorily negligent in any alleged tort, and accordingly is barred from recovery.

73. Plaintiff's own misconduct in the event bars equitable relief under the doctrine of unclean hands.

DAVID CAREY

Dated: April 8, 2022  Respectfully submitted,

*/s/ Travis S. Andrews*
Jim H. Guynn, Jr., Esq. (VSB #22299)
Travis S. Andrews (VSB No. 90520)
GUYNN, WADDELL, CARROLL & LOCKABY, P.C.
415 S. College Avenue
Salem, Virginia 24153
Phone: 540-387-2320
Fax: 540-389-2350
Email: jimg@guynnwaddell.com
Email: travisa@guynnwaddell.com

*Counsel for Defendant David Carey*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 8th day of April, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to:

Matthew D. Hardin, Esq.
Hardin Law Office
1725 I Street, Suite 300
Washington, DC 20006
matt@matthewhardin.com
*Counsel for Plaintiff*

      */s/ Travis S. Andrews*
      Travis S. Andrews, (VSB No. 90520)
      Guynn, Waddell, Carroll & Lockaby, P.C.
      415 S. College Avenue
      Salem, Virginia  24153
      Phone: 540-387-2320
      Fax:    540-389-2350
      Email: TravisA@guynnwaddell.com
      *Counsel for Defendant David Carey*